UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE MCLAUGHLIN and MARCIA MCLAUGHLIN,

    Plaintiffs,

v.                                                       Case No: 8:14-cv-703-T-36TGW

MONACO RV LLC,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the Defendant's Motion for Summary Final Judgment (Doc. 24), Plaintiffs' response thereto (Doc. 36), and Defendant's reply (Doc. 46). Subsequently, Defendant filed a Notice of Supplemental Authority (Doc. 47) citing *Davenport v. Thor Motor Coach, Inc.*, Case No. 3:14-cv-537-J-25PDB (M.D. Fla. August 6, 2015). In response to this notice of supplemental authority, the Court ordered, (Doc. 48), and the parties filed supplemental briefs (Doc. 49, 50). Upon due consideration of the parties' submissions, including deposition transcripts, affidavits, memoranda of counsel and accompanying exhibits, and for the reasons that follow, Defendant's Motion for Summary Judgment (Doc. 24) will be granted.

**I.**     **BACKGROUND[1]**

Plaintiffs Joe and Marcia McLaughlin ("the McLaughlins") filed this action as a result of Defendant Monaco RV, LLC's ("Monaco RV") alleged failure to repair defects in material or workmanship under a limited warranty: MONACO RV MOTORHOME LIMITED WARRANTY - 2013 (Doc. 2, 28-2 at p. 11). This warranty provides repair and/or replacement coverage for

---

[1] The Court presents the facts in the light most favorable to the non-moving party based on the parties' submissions, affidavits, and deposition testimony, as required by Fed. R. Civ. P. 56.

defects in Monaco RV materials or workmanship, reported by Plaintiffs during the twelve month coverage period from February 28, 2013 to February 28, 2014 (Doc. 28-2 at p. 11). The McLaughlins contend that Monaco RV breached its limited warranty obligations by failing to satisfactorily repair three manufacturing defects on the McLaughlin's Recreational Vehicle ("RV") after a total of eight attempts to do so. Doc. 2 ¶¶ 7, 12.

The first alleged defect at issue is that the full wall slide room of the RV is unlevel. *Id.* ¶¶ 3-8; Doc. 24-1 at p. 3. The McLaughlins state that, because of this defect, they are unable to cook on the gas stove, unable to operate the washing machine, and Ms. McLaughlin is unable to sit on the couch due to her neck injury. Doc. 41-1 ¶¶ 10, 21; Doc. 29-1 at 16:5-8. Further, in their answers to interrogatories, the McLaughlins contend that the full wall slide room does not extend correctly, makes a loud snapping sound, and it sometimes will lock up when not fully open or close. The McLaughlins have made five visits to repair shops to address this complaint, as well as related issues with seals and rollers. Doc. 42-1 ¶¶ 12, 14, 16-18. Though the warranty covered the repair of the seals and rollers, the McLaughlins contend that the unit is still not level. *Id.* ¶ 20; Doc. 41-1 ¶ 20. The McLaughlins state that they were informed by Monaco RV that the unit is operating as designed and the fact that the unit is not level is not an issue that must be repaired. Doc. 2 ¶¶ 3-8.

The second alleged defect at issue is a leaking shower. *Id.* ¶¶ 3, 5 & 7. The McLaughlins allege that the bottom and corners of the shower were leaking. They had this issue addressed on three separate occasions with the repair shop. *Id.* The repair shop's solution has been to seal the base of the shower each time with clear silicone and adjust the door to prevent any leakage. *Id.* The McLaughlins, however, contend that the leak persisted. Doc. 28-1 at 118:5-10.

The third alleged defect at issue is the fresh water tank drain valve. Doc. 2 ¶¶ 4-5. The McLaughlins took the RV in for service because the handle had broken off and seized the valve. *Id.* In order to make the valve functional until a later time when it could be replaced, a temporary valve was installed. Doc. 28-1 at 113:18-21. Though it functions to perform the same job the original valve was designed to do, it cannot be operated by hand as the original valve could. Doc. 27-1 at 64:22-23. Furthermore, the replacement valve is located outside of the heated water tank so it is susceptible to freezing and damage by road debris – unlike the original valve. Doc. 28-1 at 113:13-21. The temporary valve is still in place and functioning in place of the original because the McLaughlins were told they could only go to the manufacturer's factory in Indiana, at their own expense, for this to be replaced under warranty. Doc. 28-1 at 114:9-23, 122:15-21. The McLaughlins contend Monaco RV breached the warranty by refusing to replace the original valve under warranty in a local repair shop. Doc. 28-1 at 115:17-20.

## II.   UNDISPUTED MATERIAL FACTS

1. Plaintiffs have no expert proof of damages. Doc. 25 ¶ 1; Doc. 36 at p. 1.

2. Defendant Monaco RV's written "RV Motor Home Limited Warranty 2013" is the warranty at issue this lawsuit. Doc. 25 ¶ 2; Doc. 36 at p. 1.

3. Defendant Monaco RV never declined or refused warranty (sic) on the subject RV. Doc. 25 ¶ 4; Doc. 36 at p. 1.

4. The Monaco RV warranty work done on the subject RV was all done at no charge to Plaintiffs. Doc. 25 ¶ 5; Doc. 36 at p. 2.

5. Plaintiffs never took the subject RV to any independent RV repair facility for any repairs. Doc. 25 ¶ 6; Doc. 36 at p. 2.

6.      Plaintiffs have a 7 year/75,000 mile extended service contract on the subject RV, to cover repairs needed after their manufacturer warranties ran out, but have never made a repair claim under it. Doc. 25 ¶ 7; Doc. 36 at p. 2.

## III.    STANDARD OF REVIEW

Summary judgment is appropriate only when the court is satisfied that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law" after reviewing the "pleadings, the discovery and disclosure materials on file, and any affidavits[.]" Fed. R. Civ. P. 56(c)(2).  In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party.  *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Issues of fact are "genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. *Id*.  The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).  That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

## IV.    DISCUSSION

Plaintiffs assert one count in their Complaint: violation of an express warranty under the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et. seq.* ("MMWA"). The MMWA provides a cause of action for consumers to sue a warrantor for violations of a written or implied warranty.

4

*Gill v. Blue Bird Body Co.*, 147 Fed. App'x 807, 810 (11th Cir. 2005). In essence, the MMWA "provides a remedy for state law warranty claims that can be enforced in federal court." *Johnson v. Jaguar Cars, Inc.*, No. 1:05-CV-3161-RLV, 2006 WL 1627125, at *2 (N.D. Ga. June 6, 2006).

The parties agree that the warranty at issue here is a limited warranty. "[A] 'limited' warranty is not subject to § 2304 or the Magnuson-Moss Act's substantive remedies." *McKissic v. Country Coach, Inc.,* No. 8:07-cv-1488-T-17EAJ, 2009 WL 500502, *13 (M.D. Fla. Feb. 27, 2009) (citing *Lambert v. Monaco Coach Corp.,* Case No. 8:04-cv-608-T-30TBM, 2005 WL 1227485, *4 (M.D. Fla. Feb. 10, 2005); *Schimmer v. Jaguar Cars, Inc.,* 384 F.3d 402, 405 (7th Cir. 2004)). "Therefore, recovery to Plaintiffs is not available under the Magnuson-Moss Act (§ 2304) because [the] Manufacturer only provided a 'limited' warranty to Plaintiffs." *McKissic v. Country Coach, Inc.,* No. 8:07-cv-1488-T-17EAJ, 2009 WL 500502 (M.D. Fla. Feb. 27, 2009) (citing *Bailey v. Monaco Coach Corp,* 350 F. Supp. 2d 1036, 1042 (N.D. Ga. 2004), *aff'd* 168 Fed. Appx. 893 (11th Cir. 2006); *Henson v. Allison Transmission, et al.,* No. 07-80382-CIV, 2008 WL 239153, *3 (M.D. Fla. Jan. 28, 2008)). Here, the limited warranty defines "defect" as "the failure of the motorhome and/or the materials used to assemble the motorhome to conform to Warrantor's design and manufacturing specifications and tolerances." *See* Doc. 28-2 at p. 11. The warranty does not cover items that are working as designed but which the purchasers are unhappy with because of the design; it also does not cover normal wear and usage. *Id.* at p. 12.

To succeed on a breach of express warranty claim under Florida law, Plaintiffs must show: "(1) a covered defect existed in the product at the time of sale; (2) notice of the defect was given within a reasonable time after the defect was discovered; and (3) Defendant was unable to repair the defect." *Burns v. Winnebago Indus.,* No. 8:11-cv-354-T-24TBM, 2012 U.S. Dist. LEXIS 6472

(M.D. Fla. Jan. 20, 2012) (citing *Bailey v. Monaco Coach Corp.,* 350 F. Supp.2d 1036, 1043 (N.D. Ga. 2004); Fla. Stat. § 672.607(3)(a)).

In its motion, Defendant primarily argues that it is entitled to summary judgment because Plaintiffs do not present sufficient evidence of damages. Defendant's motion also includes brief references to the fact that, if the Plaintiffs' expert's testimony is excluded, Plaintiffs have no "competent expert proof of 'unrepaired defect'" and Defendant is entitled to "summary disposition of those concerns . . . ." Doc. 24 at p. 19. In its supplemental briefing, to which Plaintiffs responded, Defendant focused on the unrepaired defect issue. (Docs. 49, 50)[2].

### A.     Unrepaired Defect

As previously noted, three alleged defects are at issue here: (1) the full wall slide room of the RV is not level and does not extend correctly; (2) the shower leaks; and (3) the replacement fresh water tank drain valve cannot be operated by hand as the original valve could and is located outside of the heated water tank so it is susceptible to freezing and damage by road debris – unlike the original valve. Defendant argues that Plaintiffs must present expert testimony to support the existence of each of these alleged unrepaired defects. Given the exclusion of their expert witness' testimony, there can be no dispute that Plaintiffs cannot present such expert testimony.[3]

However, expert testimony is not uniformly required to support an alleged unrepaired defect. Instead, case law indicates that "the nature of the alleged defect will dictate whether a

---

[2] Plaintiffs, for the first time in their supplemental briefing, mention the existence of "frayed cables." However, the record does not support any argument that such frayed cables ever formed the basis of Plaintiffs' claims here. *See* Doc. 27-5 at p. 1. Therefore, this alleged defect will not be considered.

[3] An Order excluding Plaintiffs expert, Jonathan Hoch, was entered by the Court on September 9, 2015. *See* Doc. 51.

plaintiff needs expert testimony." *Bailey v. Monaco Coach Corp.,* 350 F. Supp. 2d 1036, 1045 (N.D. Ga. 2004) (applying Florida law). In *Bailey*, the court stated

> The average juror likely has little knowledge of or experience with motor home slide-outs and, therefore, would be unlikely to know whether a small alignment gap is a manufacturing or installation defect. Therefore, absent expert testimony concerning such things as the proper functioning of motor home slide-outs or industry standards for slide-out alignment, a defect in the slide-out cannot be inferred from the presence of a small gap. Thus, Bailey has not established that the dinette slide-out is defective.

*Id*. at 1046. The *Davenport* Court relied on this statement in *Bailey* when holding that expert testimony was required regarding the following alleged defects in an RV: (1) defective pop rivets, water leakage, and a popping noise associated with the main slider, and (2) bedroom slider not sealed at the corners, allowing for light, insects and possibly moisture to enter. *See* Doc. 47-1 at pp. 10, 13-16. The *Davenport* Court reasoned that the average juror has little knowledge of or experience pertaining to such things as RV industry standards and the mechanics associated with an RV. This Court agrees.

Here, as in *Davenport*, Plaintiffs have no testifying expert witness regarding what constitutes a covered defect in the full wall slide room, RV industry standards and the mechanics associated with an RV. While Plaintiffs' testimony may be sufficient to establish that the full wall slide, shower, and drain valve were or are not operating as desired, this testimony is not sufficient to establish that any of these alleged defects are "covered defects" under the warranty. Plaintiffs have no technical RV knowledge or specialized training or any schooling on RV mechanical diagnosis or repair, including RV slide rooms. *See* Doc. 28 at pp. 21, 24, 25, 26, and 82. Plaintiff Joe McLaughlin candidly admits that he is not an expert on the RV slide system or the diagnosis or repair of his RV. *Id*. at 26. Plaintiff Marcia McLaughlin likewise has no mechanical training, experience or credentials on RV repair. *See* Doc. 29 at p. 24.

Defendant has presented expert testimony by Enoch Hutchcraft. Hutchcraft has more than thirty (30) years of experience with recreational vehicles, including inspecting, appraising, diagnosing, driving and evaluating alleged warranty defect issues. *See* Doc. 26-1 at p. 3. Hutchcraft has opined that none of the alleged defects in Plaintiffs' RV are warranted. *Id.* at pp. 4, 7-8. According to Hutchcraft, Plaintiffs' RV exhibits no "unrepaired" defects in Monaco RV materials or workmanship. *Id*. at p. 7. The warranty at issue specifically excludes items that are working as designed but which the consumer is unhappy with due to the design. *See* Doc. 26-1 at p. 8. Hutchcraft states that the unlevel slide wall is just such an issue. *Id.* Furthermore, the warranty does not warrant that the slide wall will be perfectly 100% level. *Id.* Hutchcraft found a 1.5 degree downward angle toward the backsplash on the kitchen countertop, which he indicates does not prevent the sofa and appliances from working as designed. *Id.* With regard to the shower leak, Hutchcraft found only cosmetic issues which are not warranted either. *Id*. at 26-1 at pp. 9-10. Finally, with regard to the water tank drain, Hutchcraft notes the replacement part installed by Monaco worked and that Plaintiffs had the opportunity to return to a Monaco facility and have a new one put on, but they failed to do so. *Id*. at p. 11.[4]

The McLaughlins have not challenged Hutchcraft's qualifications. They are not qualified to rebut Hutchcraft's testimony on these issues regarding defects associated with proper RV functioning or RV industry standards.

Plaintiffs have cited to several cases where Florida courts noted that the plaintiff in a warranty case need not (a) prove the exact cause of a defect or malfunction, or (b) present expert testimony regarding the defect. *Christopher C. Mason, D.P.M., P.A. v. Porsche Cars of N. Am.,*

---

[4] In their response to Defendant's Motion for Summary Judgment, the Court notes that Plaintiffs do not refute the argument or expert testimony regarding the shower leak and fresh water tank valve.

8

688 So. 2d 361 (Fla. 5th DCA 1997); *McCarthy v. Florida Ladder Co.,* 295 So. 2d 707 (Fla. 2d DCA 1974); *Ainsworth v. KLI, Inc.,* 967 So. 2d 296 (Fla. 4th DCA 2007). However, none of these cases indicate whether the average juror is likely to have knowledge of or experience with the defects at issue here.

Here, Plaintiffs have failed to prove the existence of a covered defect in the full wall slide room, the shower, and the replacement fresh water tank drain. As no genuine issues of material fact exist, Defendant is entitled to summary judgment on the warranty claim. Having concluded that Defendant is entitled to summary judgment on the issue of covered defect, the Court need not address the issue of damages raised by Defendant.

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Final Judgment (Doc. 24) is **GRANTED**.

2. The Clerk is directed to terminate all pending motions and deadlines and enter judgment in favor of Defendant Monaco RV, LLC and close this case.

**DONE AND ORDERED** in Tampa, Florida on September 14, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any