UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE MCLAUGHLIN and MARCIA
MCLAUGHLIN,

    Plaintiffs,

v.                                    Case No: 8:14-cv-703-T-36TGW

MONACO RV LLC,

    Defendant.
_____/

# **ORDER**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Thomas G. Wilson on January 6, 2016 (Doc. 67). In the Report and Recommendation, Magistrate Judge Wilson recommends that the Defendant be found to be entitled to attorneys' fees, investigative expenses, and costs pursuant to Fla. Stat. § 768.89. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs filed objections (Docs. 74 and 75) and Defendant responded thereto (Doc. 77). Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted.

*I.*    *Background*

The claims arose from the plaintiffs' purchase of a 2013 Holiday Rambler Ambassador, otherwise known as a recreational vehicle ("R.V.") from R.V. World, Inc. of Nokomis, d/b/a R.V. World of Lakeland. *See* Doc. 2 at p. 1. The plaintiffs purchased the R.V. for $293,675.98. *Id.* at p. 2. The plaintiffs' complaint alleged that the R.V. had various defects and that Defendant, Monaco RV, LLC, the manufacturer of the R.V., breached an express warranty under the Magnuson Moss

Warranty Act, 15 U.S.C. §§ 2301, *et seq.,* after failing to repair the recreational vehicle. *Id.* at pp. 2-9.

In February 2014, the plaintiffs, Joe and Marcia McLaughlin, a married couple, filed this lawsuit against the defendant in the Tenth Judicial Circuit for Polk County. *Id.* The plaintiffs sought monetary damages for "the difference in value of the vehicle as promised and as actually delivered[,]" "special circumstantial damages in a proximate amount to be determined at or before trial[,]" "actual, incidental, and consequential damages[,]" "costs, interest and actual attorneys' fees[,]" as well as any other relief that the court deemed appropriate. *Id.* at p. 10. Thereafter, on March 19, 2014, the defendant removed the case to this court based on diversity of citizenship and federal question jurisdiction. *See* Doc. 1.

On June 12, 2014, the defendant served each plaintiff a separate proposal of settlement in the amount of $3,483.00 to resolve the plaintiffs' claims (Doc. 56-1 at pp.1-7). 1 The plaintiffs did not accept the defendant's offers. Thereafter, on July 25, 2014, the defendant served each plaintiff a second proposal of settlement in the amount of $9,731.25 to resolve the plaintiffs' claims (Doc 56-1 at pp. 9-16). The plaintiffs did not accept the defendant's second offers either.

On September 14, 2015, this Court entered summary judgment in favor of the defendant, finding the plaintiffs failed to prove a covered defect under their warranty claim. *See* Doc. 53 at p. 9. Defendant subsequently filed the instant Motion for Entitlement to Attorneys' Fees, Investigative Expenses and Costs (Doc. 56).

## II.   Legal Standards

### a.   Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a Report and Recommendation, the

2

district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

### b. *Attorneys' Fees under Florida Statute § 768.79*

Florida Statute §768.79 creates a substantive legal right on behalf of a defendant to recover its attorneys' fees and costs pursuant to an unaccepted offer/proposal of settlement and states, in pertinent part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorneys' fees incurred by her or him . . . from the date of filing of the offer the judgment is of no liability or the judgment obtained by the plaintiff is at least 25% less than such offer . . . .

Fla. Stat. §768.79(1).

The Eleventh Circuit has consistently held that Fla. Stat. §768.79 is substantive law in diversity matters and is not preempted by Fed. Civ. P. 68. *Menchise v. Akerman Senterfitt,* 532 F.3d 1146, 1150-1153 (11th Cir. 2008); *Horowitch v. Diamond Aircraft Industries, Inc.,* 645 3d 1254, 1258 (11th Cir. 2011). Once a judgment of no liability is entered for an offering defendant, even on a nominal offer, the sole basis upon which a court can disallow entitlement to an attorneys' fee award under Section 768.79 is if the court determines that a qualifying offer was not made in good faith. *Mesa v. Ocean Enterprises, Inc.,* 803 So.2d 908 (Fla. 4th DCA 2002); *Arnoul v. Busch Entertainment Corp.,* 2008 WL 5341148 (M.D. Fla. 2008) (citing *Vines v. Mathis,* 867 So.2d 548, 550 (Fla. lst DCA 2004)) (holding that a court must award the defendant its fees and costs unless the court determines that the offer was not made in good faith). An award of reasonable costs and

attorneys' fees is mandatory unless the court makes an express finding that the offer/proposal was not made in good faith. *TGI Friday's v. Dvorak,* 663 So.2d 606 (Fla. 1995).

### III.  *Plaintiffs' Objections*

Following a hearing on Defendant's Motion for Attorneys' Fees and Costs, Magistrate Judge Wilson issued an eighteen-page Report & Recommendation ("R&R") analyzing the parties arguments and concluding that Defendant's motion should be granted. Plaintiffs' objections make the same arguments made in their response to Defendant's motion – that the offers of settlement were invalid because each offer required each Plaintiff to dismiss the other plaintiff's claims. The argument is nonsensical. Defendant served each Plaintiff with settlement proposals and each proposal indicated that acceptance of the offer would require dismissal "with prejudice all elements of the claims, causes of action, damages, costs, and attorney's fees pled or available against this Defendant." Doc. 56-1 at pp. 3 and 6. The idea that this language would require either Plaintiff to dismiss with prejudice claims made by another individual is absurd. Mr. McLaughlin would have no standing to dismiss his wife's claims without prejudice, and she would have no standing to dismiss his claims without prejudice. Neither party's acceptance of their respective offer would have impacted the claims of the other plaintiff. Upon *de novo* review, this Court rejects this red herring argument and agrees with Magistrate Judge Wilson that the settlement offers complied with Fla. Stat. § 768.69.  Therefore, Defendant is entitled to attorneys' fees and costs under that statute.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

(1)  The Report and Recommendation of the Magistrate Judge (Doc. 67) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(2) Defendant's Motion for Entitlement To Attorneys' Fees, Investigative Expenses and Costs (Doc. 56) is **GRANTED**. Defendant is entitled to recover its attorneys' fees, costs and investigative expenses from Plaintiffs.

(3) Within **FOURTEEN (14) DAYS** of this Order Defendant shall file a motion and memorandum as to the amount requested, including affidavits, billing records, and/or an affidavit of a fee expert in support of the amount and reasonableness of attorneys' fees sought by Defendant. Within **FOURTEEN (14) DAYS** thereafter, Plaintiffs shall file a responsive memorandum, which may include an affidavit of a fee expert.

(4) The Clerk is directed to Tax Costs as set forth in Defendant's Bill of Costs, filed on September 25, 2015 (Doc. 55).

**DONE AND ORDERED** at Tampa, Florida on May 16, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Thomas G. Wilson
Counsel of Record